Amiya Kumar **GOSWAMI**, Petitioner,

v.

**METROPOLITAN SAVINGS AND LOAN ASSOCIATION, and Bob Baylis, Respondents.**

No. C–5632.

Supreme Court of Texas.

May 11, 1988.

Rehearing Denied July 6, 1988.

David M. Pruessner, Thomas E. Lauria, Shank, Irwin, Conant, Lipshy, & Casterline, Dallas, for petitioner.

C. Steven Matlock and Fred D. Wilshusen, Jackson, Walker, Winstead, Cantwell & Miller, Michael V. Killough, Michael V. Killough, Inc., Dallas, for respondents.

## OPINION

GONZALEZ, Justice.

This is an appeal from a summary judgment. Suit was brought by Amiya Kumar Goswami to set aside a foreclosure sale and to recover damages for wrongful foreclosure and quantum meruit. The trial court rendered summary judgment in favor of Metropolitan Savings and Loan Association. The court of appeals affirmed the judgment of the trial court. 713 S.W.2d 127. We reverse the judgment of the court of appeals and remand this cause to the trial court.

Mal Yerasi, who is not a party to this cause, owned the King Manor Apartments located in Dallas, Texas. The property was subject to a deed of trust lien in favor of Metropolitan. Some time prior to March 1982, Yerasi filed for protection in California under Chapter 11 of the Bankruptcy Code. On March 24, 1982 the bankruptcy court ordered that Yerasi would be able to keep the property provided that all back payments in the amount of $10,451.30 were paid to Metropolitan by March 29, 1982. The court also ordered that the entire balance secured by the deed of trust be paid to Metropolitan or that the property be repaired to a condition satisfactory to Metropolitan by August 9, 1982. In addition, Yerasi was ordered to comply with all of the provisions of the deed of trust. In the event that any of the conditions set by the bankruptcy court were not satisfied, the automatic stay would be terminated so as to permit foreclosure of Metropolitan's deed of trust.

On May 19, 1982, Yerasi and Goswami signed a "Lease–Option Agreement." The agreement provided that Goswami was to lease and refurbish the property. This agreement also gave him an option to buy the property. Goswami made monthly mortgage payments to Metropolitan and made extensive repairs to the property. Metropolitan subsequently decided that the repairs were not satisfactory and scheduled foreclosure of the property on September 7, 1982. Yerasi petitioned the bankruptcy court for a temporary restraining order to

prevent foreclosure of the property. The bankruptcy court denied the application and Yerasi appealed to a bankruptcy appellate panel.

On September 3, 1982, the United States Bankruptcy Appellate Panel of the Ninth Circuit issued a temporary stay *through September 8, 1982* "to allow the panel to consider [Yerasi's] emergency motion for stay pending appeal." Notwithstanding the stay order, *Metropolitan went ahead with the foreclosure sale on September 7, 1982.* The property was purchased by Bob Baylis. Goswami recorded the lease-option agreement thereby creating a cloud on Baylis' title. On September 9, 1982, the bankruptcy appellate panel denied the emergency motion for stay pending appeal.

Goswami sued Metropolitan to set aside the foreclosure sale and to recover damages for wrongful foreclosure. Goswami later filed an amended petition wherein he sought to recover the monies spent on refurbishing the property on a theory of quantum meruit. Baylis intervened to clear his title.

### Standing

Metropolitan maintains that Goswami lacks standing to contest the validity of the foreclosure sale. This is based upon the contention that Goswami is a "stranger" to the title of the property.

■ The issue of identifying who properly has standing to contest a foreclosure sale in Texas is well settled. As a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust. *Estelle v. Hart*, 55 S.W.2d 510, 513 (Tex. Comm'n.App.1932, opinion adopted); *Mercer v. Bludworth*, 715 S.W.2d 693, 698 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). However, when the third party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale. *American Savings & Loan Assoc. v. Musick*, 531 S.W.2d 581, 586 (Tex.1976); *Estelle v. Hart*, 55 S.W.2d at 513.

It is not clear from the record whether a trustee was assigned by the bankruptcy court to administer the estate of Yerasi. In the event that a trustee was not assigned, Yerasi had the right to perform all of the functions and duties of a Chapter 11 trustee. 11 *U.S.C.* §§ 1107, 1303 (1987). The trustee or Yerasi was empowered to use, sell or lease the property, other than in the ordinary course of business, after notice and hearing. 11 *U.S.C.* § 363(b)(1) (1987).

■ Prior to the signing of the lease-option agreement a hearing was conducted before the bankruptcy court with Metropolitan in attendance. Metropolitan made no objection in the bankruptcy court to the lease-option agreement. Instead, Metropolitan accepted mortgage payments from Goswami pursuant to the lease-option agreement.

When no objection is made to a proposed sale of property from the estate of a bankrupt, other than in the ordinary course of business, the sale is tacitly authorized by the bankruptcy court without its further involvement. 11 *U.S.C.* § 102(1) Notes of Committee on the Judiciary (1987); *In re Robert L. Hallamore Corp.*, 40 B.R. 181, 183 (Bankr.Mass.1984); *Collier on Bankruptcy*, ¶ 363.01 (15th ed.) 1986. Since no objection to the lease-option agreement was made by Metropolitan, Goswami acquired an equitable interest to the property which was affected by the sale. Thus, Goswami had standing to contest the validity of the sale.

### Foreclosure

■ It is undisputed that the foreclosure sale took place during the period of time covered by the temporary stay order. A bankruptcy court may annul a stay to validate actions taken during that time, *Claude Regis Vargo Enters. v. Bararisse*, 578 S.W.2d 524, 527 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) or take some action to recognize the invalidity of the stay order. *Mid City Management Corp. v. Loewi Realty Corp.*, 643 F.2d 386,

388 (5th Cir.1981); *Lawson v. Gibbs,* 591 S.W.2d 292, 295 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The record is silent as to whether the bankruptcy court took either action. The bankruptcy appellate panel simply declined to enter another order for temporary stay during the pendency of the appeal. Consequently, the subsequent termination of the stay did not have the effect of automatically validating the foreclosure sale which had been conducted during the period of the stay.

### Amended Pleading

■ Goswami argues that the court of appeals erred in affirming the trial court's summary judgment against his claim for quantum meruit because his summary judgment proof raised a fact issue to defeat the motion. Metropolitan, however, asserts that Goswami's summary judgment evidence cannot be considered because there are no underlying pleadings to support it. The court of appeals held that since the trial court granted summary judgment denying recovery on the wrongful foreclosure claim, the filing of the amended petition was immaterial. 713 S.W.2d at 129. We disagree.

Goswami filed an amended petition alleging unjust enrichment *four days* before the date of the summary judgement hearing. Metropolitan also asserts that since the record does not show that leave of court was granted to file the amended pleading within seven days of the hearing it should be disregarded.

Rule 63 of the Texas Rules of Civil Procedure provides:

Parties may amend their pleadings ... provided, that any amendment offered for filing within seven days of the trial ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendments will operate as a surprise of the opposite party.

Accordingly, pleading amendments sought within seven days · of the time of trial are to be granted unless there has been a showing of surprise to the opposite party. *Rogers v. Gonzales,* 654 S.W.2d 509, 515 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

A liberal interpretation has been given to Rule 63. Texas courts have held that in the absence of a sufficient showing of surprise by the opposing party, the failure to obtain leave of court when filing a late pleading may be cured by the trial court's action in considering the amended pleading. *Lloyds of London v. Walker,* 716 S.W.2d 99, 103 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *West v. Touchstone,* 620 S.W.2d 687, 689 n. 2 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Swinney v. Winters,* 532 S.W.2d 396, 400 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.); *Lucas v. Hayter,* 376 S.W.2d 790 (Tex.Civ.App.—San Antonio, 1964, writ dism'd).

A summary judgment proceeding is a trial within the meaning of Rule 63. *See Leche v. Stautz,* 386 S.W.2d 872 (Tex.Civ. App.—Austin 1965, writ ref'd n.r.e.); *Jones v. Houston Materials Co.,* 477 S.W.2d 694, 695 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ).

The record does not reflect whether leave of court was requested or granted. In addition, the record gives no indication that the trial court refused leave to file nor does it contain a motion to strike the amended petition.

The amended petition is a part of the record that was before the trial court and the trial court's judgment states that all pleadings on file were considered by the court. Since the record is silent of any basis to conclude that the amended petition was not considered by the trial court, and inasmuch as Metropolitan has not shown surprise or prejudice, leave of court is presumed. *Lloyd's of London v. Walker,* 716 S.W.2d at 103; *Swinney v. Winters,* 532 S.W.2d at 400.[1] We therefore conclude

---

1. The presumption which governs amended pleadings under Tex.R.Civ.P. 63 should not be confused with the presumption which governs the filing of opposing affidavits and written responses to a motion for summary judgment under Tex.R.Civ.P. 166a. As we stated in *INA of Texas v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985), when nothing appears of record to indicate that

that Goswami's claim for quantum meruit was properly before the trial court.

The standards for reviewing summary judgment are well settled. They are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–49 (Tex.1985).

Goswami testified by deposition that he made eleven payments of $2,091 each to Metropolitan or to its attorney, five of these payments were to bring the mortgage current and six were monthly mortgage payments made as they became due. The last payment was cashed after the foreclosure. In addition, he paid $70,000 for repairing and rehabilitating the property and paid over $4,000 for property taxes.

■ Because fact issues exist as to Goswami's claim for wrongful foreclosure and quantum meruit, the court of appeals erred in affirming the summary judgment. *City of Houston v. Clear Lake Basin Authority,* 589 S.W.2d 671 (Tex.1979).

The judgment of the court of appeals is reversed and this cause is remanded to the trial court for a trial on its merits.

the late filing of the written response was with leave of court, it must be presumed that the trial court did not consider the response.