11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

                                                         

Gilberto Hernandez and
Eva Hernandez

Appellants

Vs.                   No.
11-02-00226-CV B Appeal from Dallas County

Fire Insurance Exchange

Appellee

 

This is a
case involving a claim for insurance proceeds resulting from damages to the
roof on Gilberto Hernandez and Eva Hernandez=s home.  A justice court in
Dallas rendered summary judgment for appellee, Fire Insurance Exchange, and
appellants appealed to the County Court at Law No. 4 in Dallas County.  That court also granted summary judgment in
favor of appellee.  Because we find that
the award of summary judgment was proper, we affirm.

Appellants
insured their home with appellee. 
Appellants notified appellee that they had suffered a loss as a result
of damage to their roof.   The parties
could not agree on the amount of damages. 
The insurance policy contained the following clause:

7.  Appraisal. 
If you and we fail to agree on the actual cash value, amount of loss, or
cost of repair or replacement, either can make a written demand for
appraisal.  Each will then select a
competent, independent appraiser and notify the other of the appraiser=s identity within 20 days of receipt of the
written demand.  The two appraisers will
choose an umpire.  If they cannot agree
upon an umpire within 15 days, you or we may request the choice be made by a
judge of a district court of a judicial district where the loss occurred.  The two appraisers will then set the amount
of loss, stating separately the actual cash value and loss to each item.  If you or we request that they do so, the
appraisers will also set:

 

a.  the full replacement cost of the dwelling.

b.  the full replacement cost of any other
building upon 

      which loss is claimed.

c.  the full cost of repair or replacement of
loss to 

     such building, without deduction for
depreciation.

 








If the appraisers fail to
agree, they will submit their differences to the umpire.  An itemized decision agreed to by any two of
these three and filed with us will set the amount of the loss.  Such award shall be binding on you and us.

 

Each party will pay its
own appraiser and bear the other expenses of the appraisal and umpire equally.

 

Each party
appointed an appraiser; and those appraisers appointed an umpire, pursuant to
the policy provisions.  Both appraisers
and the umpire found that appellee owed nothing under the terms of the policy.

Appellants,
represented by appellant Gilberto Hernandez, filed suit against appellee in a
justice court in Dallas.  Appellee filed
a motion for summary judgment alleging, among other things, that the appraisal
clause was final and binding upon all of the parties.  The court agreed and entered a take-nothing summary judgment
against appellants.  Appellants, still
represented by Gilberto, appealed that judgment to Dallas County Court at Law
No. 4.  That court also agreed with
appellee that the appraisal clause was binding upon the parties, and it entered
summary judgment for appellee.

Appellants
present three points of error.  In their
first point of error, appellants claim that the trial court erred when it
granted the motion for summary judgment.








The rules
for reviewing a summary judgment are well established.  The movant has the burden of showing that
there is no genuine issue of material fact and that it is entitled to judgment
as a matter of law.  In deciding whether
there is a disputed material fact issue precluding summary judgment, evidence
favorable to the non-movant will be taken as true. Every reasonable inference
is indulged in favor of the non-movant, and any doubts must be resolved in
favor of the non-movant.  American
Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420 (Tex.1997); Nixon v. Mr.
Property Management Company, Inc., 690 S.W.2d 546, 548‑49
(Tex.1985).  Summary judgment is proper
if the defendant disproves at least one element of each of the plaintiff=s claims or establishes all elements of an
affirmative defense to each claim. American Tobacco Company, Inc. v. Grinnell,
supra; Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476‑77
(Tex.1995);  Montgomery v. Kennedy, 669
S.W.2d 309, 310‑11 (Tex.1984). 
When a defendant produces evidence sufficient to establish its right to
summary judgment, the plaintiff must present evidence sufficient to raise a
material issue of fact.  AMoore@ Burger, Inc. v. Phillips Petroleum Company, 492 S.W.2d 934, 936
(Tex.1972).

The
summary judgment proof conclusively establishes that the insurance contract
contained the appraisal clause set forth above.  When an award is made in accordance with an appraisal clause,
that award is binding and enforceable.  Wells
v. American States Preferred Insurance Company, 919 S.W.2d 679 (Tex.App. B Dallas 1996, writ den=d). 
An appraisal award may be set aside when the award was made without
authority; when the award was the result of fraud, accident, or mistake; or
when the award was not made in substantial compliance with the terms of the
contract.  Wells v. American States
Preferred Insurance Company, supra. 
Because appellee had conclusively established the final and binding
nature of the appraisal award, appellants were required to present sufficient
evidence to raise a material issue of fact on at least one of those elements in
order to defeat the motion for summary judgment.

In their
original petition, appellants did not plead any reason to set aside the
award.  However, in County Court at Law
No. 4, appellants amended their petition four days before trial.  TEX.R.CIV.P. 63 requires that a party
amending a petition within seven days of trial must request permission from the
trial court.  This record gives no
indication of whether permission was sought or granted.  When the record is silent on the subject of
permission to amend, leave of court is presumed.  Goswami v. Metropolitan Savings and Loan Association, 751 S.W.2d
487 (Tex.1988).  Furthermore, the
amended petition was on file when the trial court issued its summary
judgment.  For purposes of this appeal,
we will assume that the allegations in the amended petition raised the matters
of which appellants complain.  The
summary judgment recites that the trial court considered, among other things,
the pleadings.  








Even
though we presume that the amended pleadings were before the trial court, there
is no summary judgment evidence which would support setting aside the appraisal
award.  In their  response to appellee=s motion for summary judgment and in argument
to this court, appellants make many statements and claims in their
petition.  It is not within the province
of this court to determine the validity of those statements and claims.  This court must make its decision based upon
proper summary judgment rules. A part of those rules require the conclusion
that most of the statements and claims made by appellants have not been
submitted as proper summary judgment proof. 
Allegations in petitions, copies of letters which have been mailed,
other documents not attached as summary judgment evidence,  unsworn allegations in a summary judgment
response, and arguments before this court are not competent summary judgment
evidence.  Hidalgo v. Surety Savings and
Loan Association, 462 S.W.2d 540 (Tex.1971); Ford v. City State Bank of
Palacios, 44 S.W.3d 121 (Tex.App. B Corpus Christi 2001, no pet=n hist.).  Appellants presented
an affidavit executed by their daughter, Sonia Hernandez.  The statements in that affidavit relate to a
conversation between appellee=s appraiser and the umpire when they were at appellants= house. 
The appraiser told the umpire that affiant=s father was committing fraud because he was filing another claim for
damages he had failed to repair previously. 
She testified by affidavit that these things were said in Aa very loud and intimidating manner, in [her]
presence, which [she felt] was very unprofessional and detrimental to my
father.@ 
These statements provide no evidence relating to the factors required to
set aside an appraisal award.  There is
no other proper summary judgment evidence provided by appellants.  Furthermore, both appraisers signed the
award as well as the umpire; only two signatures were required.   Because they have failed to present any
competent summary judgment evidence to raise a genuine issue of material fact
relating to setting the appraisal award aside, appellants= first 
point of error is overruled.  

In their
second point of error, appellants complain that the trial court erred in
accepting the appraisal award as valid. 
This point amounts to a restatement of parts of the first point of
error.  For the same reasons stated in
our discussion of appellants= first point, appellants= second point of error is overruled. 


In their
third point of error, appellants assert that the trial court erred when it did
not allow them to amend their petition. 
Because we have considered appellants= amended petition as though it were properly before the trial court, we
need not address appellants= third point of error.

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

November 7, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.