**George R. DREHER, Appellant,**

v.

**CASSIDY LIMITED PARTNERSHIP, Appellee.**

**No. 11–02–00176–CV.**

Court of Appeals of Texas, Eastland.

Jan. 23, 2003.

WILLIAM V. DORSANEO III ET AL., TEXAS LITIGATION GUIDE § 257.06(3) (Nov.2000).

Michael J. Canon, Richard C. Houston, Jr., Canon, Gaston & Strain, Midland, for appellant.

G. Ben Bancroft, Big Spring, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

TERRY McCALL, Justice.

In this oil and gas case, the issue was whether the well had ceased to produce in paying quantities. The oil and gas lease contained a habendum clause with a primary term of 10 years from September 18, 1948, and a secondary term of "as long thereafter as oil, gas, or other mineral is produced from said land hereunder." Appellant is the successor in interest to the lessee, and appellee is the successor in interest to the lessor. The trial court granted appellee's motion for summary judgment that the lease terminated because of the absence of production in paying quantities. We reverse and remand.

When reviewing a traditional motion for summary judgment, the following standards apply: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 676 (Tex.1979).

A trial court must grant a motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). Once the movant establishes a right to a summary judgment, the non-movant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority,* supra at 678–79. When reviewing a summary judgment, the appellate court takes as true evidence favorable to the non-movant. *American Tobacco Company, Inc. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *Nixon v. Mr. Property Management Company, Inc.,* supra at 548–49.

The oil and gas lease created a determinable fee in the land which terminates upon the happening of the events upon which it is limited. *Gulf Oil Corporation*

*v. Reid,* 161 Tex. 51, 337 S.W.2d 267, 269 (1960). The secondary term of the lease was limited to "as long thereafter as oil, gas, or other mineral is produced from said land hereunder." The word "produced" has been defined as being equivalent to the phrase "production in paying quantities." *Gulf Oil Corporation v. Reid,* supra at 269; *Garcia v. King,* 139 Tex. 578, 164 S.W.2d 509, 512 (1942). To prove that the lease had terminated because "production in paying quantities" had ceased, appellee had to meet a two-prong test. First, appellee had to prove that the lease failed to yield a profit over a reasonable period of time. If appellee demonstrated that the lease had failed to yield a profit over a reasonable period of time, then under the second prong, appellee had to show that a reasonably prudent operator would not have continued operation of the well under the circumstances. *Skelly Oil Company v. Archer,* 163 Tex. 336, 356 S.W.2d 774, 783 (1962); *Clifton v. Koontz,* 160 Tex. 82, 325 S.W.2d 684, 690–91 (1959); *Garcia v. King,* supra at 511.

Appellee produced evidence to show that the lease was not profitable for a period of eight months from September 1998 through April 1999. During that period, only one well was producing. However, appellee produced no evidence to show why the eight-month period was a reasonable period of time.

Even assuming that appellee met the first prong of the test, appellee still had to show as a matter of law that a reasonably prudent operator would not have continued operation of the well under the circumstances. *Skelly Oil Company v. Archer,* supra at 783; *Clifton v. Koontz,* supra at 690–91; *Garcia v. King,* supra at 511. Appellee did not include any evidence, such as expert evidence, that a reasonably prudent operator would not have continued operation of the well under the circum-

stances. Therefore, appellee failed to establish that production in paying quantities had ceased and that the lease had terminated.

### *This Court's Ruling*

We reverse the summary judgment and remand the cause to the trial court.