11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

George R. Dreher                     

Appellant

Vs.                   No.
11-02-00176-CV B Appeal from Howard County

Cassidy Limited
Partnership

Appellee

 

In this
oil and gas case, the issue was whether the well had ceased to produce in
paying quantities.  The oil and gas
lease contained a habendum clause with a primary term of 10 years from
September 18, 1948, and a secondary term of Aas long thereafter as oil, gas, or other mineral is produced from said
land hereunder.@ 
Appellant is the successor in interest to the lessee, and appellee is
the successor in interest to the lessor. 
The trial court granted appellee=s motion for summary judgment that the lease terminated because of the
absence of production in paying quantities. 
We reverse and remand.

When reviewing a traditional motion for summary judgment, the
following standards apply: (1) the movant for summary judgment has the burden
of showing that there is no genuine issue of material fact and that it is
entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to
the non-movant will be taken as true; and (3) every reasonable inference must
be indulged in favor of the non-movant and any doubts resolved in its
favor.  TEX.R.CIV.P. 166a; Goswami v.
Metropolitan Savings and Loan Association, 751 S.W.2d 487, 491 (Tex.1988); Nixon
v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex.1985);
City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 676 (Tex.1979).








A trial court must grant a motion for summary judgment if the
moving party establishes that no genuine issue of material fact exists and that
he is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991). Once the movant
establishes a right to a summary judgment, the non-movant must come forward with
evidence or law that precludes summary judgment. City of Houston v. Clear Creek
Basin Authority, supra at 678-79. When reviewing a summary judgment, the
appellate court takes as true evidence favorable to the non-movant. American
Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997); Nixon v. Mr.
Property Management Company, Inc., supra at 548-49.

The oil
and gas lease created a determinable fee in the land which terminates upon the
happening of the events upon which it is limited.   Gulf Oil Corporation v. Reid, 337 S.W.2d 267, 269
(Tex.1960).  The secondary term of the
lease was limited to Aas
long thereafter as oil, gas, or other mineral is produced from said land
hereunder.@  The
word Aproduced@ has been defined as being equivalent to the phrase Aproduction in paying quantities.@  
Gulf Oil Corporation v. Reid, supra at 269;  Garcia v. King, 164 S.W.2d 509, 512 (Tex.1942).  To prove that the lease had terminated because
Aproduction in paying quantities@ had ceased, appellee had to meet a two-prong
test.  First, appellee had to prove that
the lease failed to yield a profit over a reasonable period of time.  If appellee demonstrated that the lease had
failed to yield a profit over a reasonable period of time, then under the
second prong, appellee had to show that a reasonably prudent operator would not
have continued operation of the well under the circumstances.  Skelly Oil Company v. Archer, 356 S.W.2d
774, 783 (Tex.1962); Clifton v. Koontz, 325 S.W.2d 684, 690-91 (Tex.1959);
Garcia v. King, supra at 511.

Appellee
produced evidence to show that the lease was not profitable for a period of
eight months from September 1998 through April 1999.  During that period, only one well was producing.  However, appellee produced no evidence to
show why the eight-month period was a reasonable period of time.  








Even
assuming that appellee met the first prong of the test, appellee still had to
show as a matter of law that a reasonably prudent operator would not have
continued operation of the well under the circumstances.  Skelly Oil Company v. Archer, supra at 783;
Clifton v. Koontz, supra at 690-91; Garcia v. King, supra at 511.  Appellee did not include any evidence, such
as expert evidence, that a reasonably prudent operator would not have continued
operation of the well under the circumstances. 
Therefore, appellee failed to establish that production in paying
quantities had ceased and that the lease had terminated.

This
Court=s Ruling

We reverse
the summary judgment and remand the cause to the trial court. 

 

TERRY McCALL

JUSTICE

 

January 23, 2003

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.