**WESTERN AH 406 LTD., Appellant,**

v.

**CENTRAL APPRAISAL DISTRICT OF TAYLOR COUNTY, Appellee.**

No. 11–05–00075–CV.

Court of Appeals of Texas, Eastland.

Jan. 18, 2007.

---

Laurie Ratliff, William Ikard, Teresa Dahmus, Ikard Wynne & Ratliff, L.L.P., Austin, for appellant.

Kirk Swinney, McCreary, Veselka, Bragg & Allen, P.C., Round Rock, Roy L. Armstrong, Matthew Tepper, McCreary, Veselka, Bragg & Allen, Austin, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

Western AH 406 Ltd. (Western) filed suit against the Central Appraisal District of Taylor County (TCAD) disputing the appraised value of its apartment complex for the tax years 2002, 2003, and 2004. The trial court granted TCAD's motion for partial summary judgment on October 4, 2004. The trial court entered a final judgment on January 27, 2005, that Western take nothing on its cause of action and ordered that the appraisal rolls reflect the determined market value for the apartment complex. Western appeals the trial court's order granting TCAD's motion for partial summary judgment and also the final judgment. We reverse and remand.

Western constructed the Quail Hollow apartment complex pursuant to a contract with the United States Air Force. The complex provides housing for Air Force personnel and their families. The Air Force and Western entered into a contract that established the maximum amount of rent charged to Air Force personnel based upon the Air Force's Basic Allowance for Housing. The Basic Allowance for Housing is determined by the personnel's rank and grade in the Air Force. The contract also restricts the occupancy of the apartment complex with priority being given to Air Force personnel.

In its first issue on appeal, Western argues that the trial court erred in granting TCAD's motion for partial summary judgment. When reviewing a traditional motion for summary judgment, the following standards apply: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will

be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. Tex.R. Civ. P. 166a; *Goswami v. Metro. Sav. & Loan Ass'n,* 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 676 (Tex.1979).

Western first argues that the trial court's order of summary judgment "effectively granted a *Daubert*[1] motion that had not been raised." The trial court's order granting summary judgment states that the agreements between Western and the Air Force are not to be considered in the appraisal of the property. The order provides that the leases of apartments "at rental rates that differ from market rental rates for comparable apartments in the local area are not to be considered" in the appraisal of the property. *Daubert* establishes guidelines for determining the admissibility of scientific evidence and testimony. The trial court's order does not exclude expert testimony; rather, it provides that the entire market value of the property is taxable to Western.

Western next complains that the trial court improperly granted summary judgment on an issue of fact. Western contends that the trial court's order improperly determined that comparable properties could not be considered in appraising the property. Western further argues that the trial court's order does not comply with the Tax Code. The trial court's order states that the property "shall be appraised at its value indicated by the market notwithstanding any voluntarily entered agreements restricting rents or otherwise placing nonmarket conditions on the [property]."

Tex. Tax Code Ann. § 23.01(b) (Vernon 2001) states:

The market value of property shall be determined by the application of generally accepted appraisal methods and techniques. If the appraisal district determines the appraised value of a property using mass appraisal standards, the mass appraisal standards must comply with the Uniform Standards of Professional Appraisal Practice. The same or similar appraisal methods and techniques shall be used in appraising the same or similar kinds of property. However, each property shall be appraised based upon the individual characteristics that affect the property's market value.

The question before us is whether the agreements between Western and the Air Force that restrict the occupancy and rent of the apartment complex are "individual characteristics" that must be considered in determining the market value of the property.

The Uniform Standards Of Professional Appraisal Practice Rule 1–2(e) (2004) states that an appraiser must "identify the characteristics of the property that are relevant to the purpose and intended use of the appraisal." These characteristics include "any known easements, restrictions, encumbrances, leases, reservations, covenants, contracts, declarations, special assessments, ordinances, or other items of a similar nature." USPAP Rule 1–2(e)(iv). We find that the agreements between Western and the Air Force are individual characteristics of the property to be considered in determining the market value of the property. Therefore the trial court erred in ordering that the property be

---

1. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

appraised without considering the agreements restricting the rent and occupancy of the property.[2] Western's first issue on appeal is sustained. The trial court's final judgment determined the market value of the property based upon TCAD's appraisal that does not include the effect of the agreements between the Air Force and Western restricting rent and occupancy. Because of our disposition of Western's first issue on appeal, we need not address the remaining issues. TEX.R.APP. P. 47.1.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

---

**2.** The trial court's order does not address the loan agreement between Western and the Air Force in which Western receives favorable financing terms for the apartment complex. Therefore, the question of whether the favorable loan contract must also be considered in determining the market value of the property is not before us.