Opinion filed January 18, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed January 18, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00075-CV 

                                                    __________

 

                                  WESTERN AH 406 LTD., Appellant

 

                                                             V.

 

       CENTRAL
APPRAISAL DISTRICT OF TAYLOR
 COUNTY, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor County,
Texas

 

                                                 Trial
Court Cause No. 22,974-B

 



 

                                                                   O
P I N I O N                   

 

Western AH 406 Ltd. (Western) filed suit against
the Central Appraisal District of Taylor County (TCAD) disputing the appraised
value of its apartment complex for the tax years 2002, 2003, and 2004.  The trial court granted TCAD=s motion for partial summary judgment
on October 4, 2004.  The trial court
entered a final judgment on January 27, 2005, that Western take nothing on its
cause of action and ordered that the appraisal rolls reflect the determined
market value for the apartment complex. 
Western appeals the trial court=s
order granting TCAD=s motion
for partial summary judgment and also the final judgment.  We reverse and remand.








Western constructed the Quail Hollow apartment
complex pursuant to a contract with the United States Air Force.  The complex provides housing for Air Force
personnel and their families.  The Air
Force and Western entered into a contract that established the maximum amount
of rent charged to Air Force personnel based upon the Air Force=s Basic Allowance for Housing.  The Basic Allowance for Housing is determined
by the personnel=s rank
and grade in the Air Force.  The contract
also restricts the occupancy of the apartment complex with priority being given
to Air Force personnel.

In its first issue on appeal, Western argues that
the trial court erred in granting TCAD=s
motion for partial summary judgment. 
When reviewing a traditional motion for summary judgment, the following
standards apply:  (1) the movant for
summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true; and (3)
every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor.   Tex. R. Civ. P. 166a;  Goswami v. Metro. Sav. & Loan Ass=n, 751 S.W.2d 487, 491 (Tex. 1988);
Nixon v. Mr. Prop.  Mgmt. Co., 690
S.W.2d 546, 548‑49 (Tex. 1985); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 676 (Tex. 1979).

Western first argues that the trial court=s order of summary judgment Aeffectively granted a Daubert[1]
motion that had not been raised.@  The trial court=s
order granting summary judgment states that the agreements between Western and
the Air Force are not to be considered in the appraisal of the property.  The order provides that the leases of
apartments Aat rental
rates that differ from market rental rates for comparable apartments in the
local area are not to be considered@
in the appraisal of the property.  Daubert
establishes guidelines for determining the admissibility of scientific
evidence and testimony.  The trial court=s order does not exclude expert
testimony; rather, it provides that the entire market value of the property is
taxable to Western.








Western next complains that the trial court
improperly granted summary judgment on an issue of fact.  Western contends that the trial court=s order improperly determined that
comparable properties could not be considered in appraising the property.  Western further argues that the trial court=s order does not comply with the Tax
Code.  The trial court=s order states that the property Ashall be appraised at its value
indicated by the market notwithstanding any voluntarily entered agreements
restricting rents or otherwise placing non-market conditions on the [property].@

Tex. Tax
Code Ann. ' 23.01(b)
(Vernon 2001) states:

The market value of property shall be determined
by the application of generally accepted appraisal methods and techniques.  If the appraisal district determines the
appraised value of a property using mass appraisal standards, the mass
appraisal standards must comply with the Uniform Standards of Professional
Appraisal Practice.  The same or similar
appraisal methods and techniques shall be used in appraising the same or
similar kinds of property.  However, each
property shall be appraised based upon the individual characteristics that
affect the property's market value.

 

The question before us is whether the agreements between Western
and the Air Force that restrict the occupancy and rent of the apartment complex
are Aindividual
characteristics@ that
must be considered in determining the market value of the property.








The Uniform
Standards Of Professional Appraisal Practice Rule 1-2(e) (2004) states
that an appraiser must Aidentify
the characteristics of the property that are relevant to the purpose and
intended use of the appraisal.@  These characteristics include Aany known easements, restrictions,
encumbrances, leases, reservations, covenants, contracts, declarations, special
assessments, ordinances, or other items of a similar nature.@ 
USPAP Rule 1-2(e)(iv).  We find
that the agreements between Western and the Air Force are individual
characteristics of the property to be considered in determining the market value
of the property.  Therefore the trial
court erred in ordering that the property be appraised without considering the
agreements restricting the rent and occupancy of the property.[2]  Western=s
first issue on appeal is sustained.  The
trial court=s final
judgment determined the market value of the property based upon TCAD=s appraisal that does not include the
effect of the agreements between the Air Force and Western restricting rent and
occupancy.  Because of our disposition of
Western=s first
issue on appeal, we need not address the remaining issues.  Tex.
R. App. P. 47.1.

The judgment of the trial court is reversed, and
the cause is remanded for further proceedings.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

January 18, 2007          

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).





[2]The trial court=s order
does not address the loan agreement between Western and the Air Force in which
Western receives favorable financing terms for the apartment complex.  Therefore, the question of whether the
favorable loan contract must also be considered in determining the market value
of the property is not before us.