COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





DELIA MENDOZA,

                                    Appellant,

v.

OLD REPUBLIC INSURANCE
COMPANY,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-08-00337-CV

Appeal from
 County Court at Law No. 6

of El Paso County, Texas

(TC # 2004-2974)



 

 

 




O P I N I O N

            Delia Mendoza appeals a summary judgment granted in favor of Old Republic Insurance
Company in litigation involving a worker’s compensation claim. For the reasons that follow, we
reverse and remand.
FACTUAL BACKGROUND
            On July 14, 2004, Mendoza filed an original petition pursuant to Section 410.252 of the
Texas Labor Code, claiming that on or about May 8, 2003 she was injured on the job as an
employee of Leviton Mfg. Co., Inc. Her lawsuit sought to overturn an appeals panel decision
which had affirmed a ruling by a hearing officer that Mendoza did not sustain a compensable
repetitive trauma injury. On August 13, 2008, Old Republic Insurance Company filed a plea to
the jurisdiction and, alternatively, a motion for summary judgment on the basis that Mendoza
failed to exhaust her administrative remedies under the Texas Workers’ Compensation Act prior
to filing the lawsuit. The court denied the plea to the jurisdiction but granted summary judgment
relief. This appeal follows. In her sole issue for review, Mendoza complains that the summary
judgment motion was legally insufficient.
SUMMARY JUDGEMENT
Standard of Review
            The issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law. Tex.R.Civ.P. 166a(c). We review a summary judgment de novo. 
Valence Operating Company v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). In deciding whether
a disputed issue of material fact exists that would preclude summary judgment, we take all
evidence favorable to the non-movant as true and we indulge every reasonable inference and
resolve any doubts in favor of the non-movant. Nixon v. Mr. Property Management Company,
Inc., 690 S.W.2d 546, 548-49 (Tex. 1985).
Timeliness of Response
            We first address Old Republic’s argument that Mendoza’s responsive pleadings cannot be
considered. It contends that because Mendoza failed to meet the seven-day requirement for filing
a response to the motion for summary judgment, she cannot now argue that her summary
judgment evidence creates a fact issue that would justify reversal. Tex.R.Civ.P. 166a(c).


 
            Mendoza filed her response on August 29, 2008, one day late. Old Republic argued that
the filing was untimely and objected to the exhibits. The summary judgment affirmatively stated
that the court “considered all documents filed of record, the summary judgment evidence, the
authorities cited by the parties, and the argument of counsel, if any.” The court also overruled
Old Republic’s objections to Mendoza’s exhibits. 
            Mendoza counters that since Old Republic never moved to strike her response, it has
waived its right to complain. She also argues that the trial court both expressly and implicitly
granted leave to file a late response by considering all documents filed and overruling Old
Republic’s objections.
            Our analysis is guided by Goswami v. Metropolitan Sav. & Loan Ass’n, 751 S.W.2d 487,
490-91 n. 1 (Tex. 1988). There, the Supreme Court held that absent a showing of surprise by the
opposing party, a failure to seek leave of court to file an untimely pleading may be cured by the
trial court’s action in considering the amended pleading. 751 S.W.2d at 490. But the court
expressly distinguished the presumption governing amended pleadings under Rule 63 from the
presumption governing the filing of opposing affidavits and responses to a motion for summary
judgment under Rule 166a(c). Id. at 490-91 n.1. The mere fact that the trial court’s judgment
implies that it reviewed Mendoza’s response does not dispense with the necessity of showing that
the trial court granted leave to file it untimely. Because Mendoza’s response was not properly
before the trial court, we will not review the response or the evidence attached to it. We will
only address Mendoza’s complaint regarding the legal sufficiency of the motion itself. 
Exhaustion of Administrative Remedies
            The Texas Worker’s Compensation Act provides for a three-part administrative process: 
(1) a benefit review conference, (2) a contested case hearing, and (3) an appeal to the Division of
Workers’ Compensation’s Appeals Panel. Tex.Lab.Code Ann. § 410.023 (Vernon
2006)(benefit review conference); Tex.Lab.Code Ann. § 410.151 (contested case
hearing);Tex.Lab.Code Ann. § 410.202 (appeal to appeals panel). These administrative
proceedings are a prerequisite to any lawsuit for judicial review where the underlying claim is a
workers’ compensation claim: “A party that has exhausted its administrative remedies under this
subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review
under this subchapter.” Tex.Lab.Code Ann. § 410.251. A party’s failure to exhaust
administrative remedies under the workers’ compensation laws deprives the district court of
jurisdiction. Tex.Lab.Code Ann. § 410.251; Combined Specialty Ins. Co. v. Deese, 266 S.W.3d
653, 658 (Tex.App.--Dallas 2008, no pet.). 
            In the trial court, Old Republic argued that there was no genuine issue of material fact
with respect to Mendoza’s failure to exhaust her administrative remedies. The summary
judgment evidence revealed that Mendoza suffered a prior work-related injury to her left arm, her
left hand, and her neck in 2002. 
Q. All right. Ms. Mendoza, I understand that when you were working at Leviton
you had a prior workers’ compensation injury that you reported. Is that correct?
 
A. Yes, sir.
 
Q. And I believe the date of that injury was April 6, 2002?
 
A. Yes, sir.
 
Q. And at that time you felt numbness and pain in your hands and fingers. Is that
correct?
 
A. Yes, I did.
 
Q. Was that in both hands and fingers?

            A. Both hands.

            Q. Your left hand and your right hand?

            A. Yes, sir. 

This work-related injury and associated workers’ compensation claim also involved carpal tunnel
syndrome:
 
Q. So I take it at that point in time, sometime in 2002, you believed that your
carpal tunnel syndrome in both hands was related to your work at Leviton?

            A. That’s what the doctor stated.

. . .

            Q. Okay. And did you have any reason to doubt what the doctors told you?

            A. No, I do not.

            Q. Okay. You don’t have any reason to doubt that today, do you?

            A. No, sir. 

Although Mendoza also claimed a neck injury when she filed in 2002, the Division of Workers’
Compensation found that the work-related injury did not include an injury to Mendoza’s left
hand or neck. 
Q. Okay. So, to make sure I understand you, when you pursued your claim at the
Division of Workers’ Compensation, the Division of Workers’ Compensation said
your left hand injury and your neck was not part of or included within your
workers’ compensation injury?

            A. Yes, sir.

            Q. And that’s as a result of the April 2002 injury?

            A. Yes, sir. 

Mendoza’s testimony is corroborated by the certified copies of the Division of Workers’
Compensation administrative records that were attached to the summary judgment motion. 
            Mendoza never appealed the decision of the Texas Workers’ Compensation Commission
concerning the scope and extent of the April 2002 injury. Old Republic argues that instead of
appealing the adverse decision, Mendoza concocted a new injury, filed a new workers’
compensation claim, and prosecuted that claim in the present lawsuit. To support its argument,
Old Republic relies on Mendoza’s testimony that the 2003 injuries could be traced back to the
2002 injury:
Q. Ms. Mendoza, I understand that in this case you’re claiming that you have this
injury to your left hand and your neck, but that relates back to the date you injured
your right arm, your right hand. Is that right?

            A. Yes, sir.

            Q. Okay. So it relates back to the date April 6, 2002?

            A. Yes, sir.

            Q. That’s what you’re claiming in this case?

            A. Yes, sir. 
 
            The Act defines a compensable injury as “damage or harm to the physical structure of the
body.” Tex.Lab.Code Ann. § 401.011(26)(Vernon Supp. 2009). As a matter of law, pain alone
cannot be considered damage to the body. Saldana v. Houston General Ins. Co., 610 S.W.2d
807, 811 (Tex.Civ.App.--Houston [1st Dist.] 1980, writ ref’d n.r.e.). However, the aggravation
of a preexisting condition is a compensable injury for purposes of the Act. See Peterson v.
Continental Casualty Company, 997 S.W.2d 893, 895 (Tex.App.--Houston [1st Dist.] 1999, no
pet.); Cooper v. St. Paul Fire & Marine Ins. Co., 985 S.W.2d 614, 616-18 (Tex.App.--Amarillo
1999, no pet.). 
            Old Republic introduced summary judgment evidence that Mendoza returned to work at
Leviton on April 21, 2003. The Employer’s First Report of Injury dated June 6, 2003, indicated
that not only did Mendoza return to work, she reported a subsequent injury on May 8,
complaining of numbness and pain in her left arm, thumb, index and middle finger, and neck.
The Employer’s First Report also established that Mendoza had experienced pain to her neck and
numbness to her thumb, index, and middle finger since April 6, 2002. Mendoza was diagnosed
with L-CTS on May 5, 2003.            The Employer’s First Report of Injury creates a genuine
issue of material fact as to whether Mendoza suffered an aggravation of a preexisting condition. 
Consequently, Old Republic is not entitled to judgment as a matter of law. Tex.R.Civ.P.
166a(c). Under the applicable standard of review, we take all evidence favorable to the
non-movant as true and indulge every reasonable inference and resolve any doubts in favor of the
non-movant. Nixon, 690 S.W.2d 549. We must thus indulge the inference that Mendoza
suffered and was diagnosed with an injury subsequent to her return to work on April 21, 2003. 
Despite the fact that Mendoza testified that the injury relates back to 2002, aggravation of a
preexisting condition is still a compensable injury for purposes of the Texas Workers’
Compensation Act. We sustain Mendoza’s sole point of error, reverse the trial court’s granting
of the summary judgment in favor of Old Republic, and remand the case for further proceedings
consistent with this opinion.

July 30, 2010                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.