**DISMISS and Opinion Filed December 31, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01021-CV

**THOUSAND HILLS CATTLE COMPANY, LLC AND KAREN FAIRCLOTH,**
**Appellants**
**V.**
**TERRY JEAN ARNOLD, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 85130**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Francis, and Justice Brown
Opinion by Justice Brown

We questioned our jurisdiction over this appeal from the trial court's May 1, 2018 order granting appellee's traditional motion for summary judgment as it appeared to have been untimely filed. *See Brashear v. Victoria Gardens of McKinney, LLC*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional). As reflected in the record, the live pleadings at the time appellee filed her summary judgment motion were her original petition, which sought declaratory relief as to certain property and alternatively asserted an adverse possession claim, and appellants' original answer--a general denial. On April 23, 2018, the day of the summary judgment hearing, appellants filed an amended answer and a counterclaim. The May 1st order recites the trial court granted appellee's summary judgment motion "in its entirety" and also granted appellee's "oral motion made on the record to disregard [the]

Counterclaim . . . and First Amended Original Answer." Because appellee's summary judgment motion addressed all of appellee's claims against appellants and the trial court disregarded the amended answer and original counterclaim, it appeared the May 1st order was final and either a motion for new trial or the notice of appeal needed to be filed by May 31, 2018. *See* TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appellants, however, did not file a motion for new trial until July 2, 2018 and their notice of appeal was not filed until August 30, 2018.

At our request, the parties filed letter briefs addressing our concern. In their letter brief, appellants dispute the May 1st order was final. They note appellee filed a motion to strike the amended answer and counterclaim on May 15, 2018, and the trial court granted that motion June 4, 2018. Appellants contend that the counterclaim remained pending until the trial court struck it, and only when it was stricken did the May 1st order become final. Because the May 1st order did not become final until June 4th, appellants assert the motion for new trial, filed within thirty days of June 4th, was timely. Appellee responds that the May 1st order was final because the trial court did not grant leave to file the amended answer and counterclaim.

A judgment issued without a conventional trial on the merits is final for purposes of appeal if it disposes of all claims and parties before the court or it states "with unmistakable clarity" that it is a final judgment as to all claims and parties. *See Lehmann*, 39 S.W.3d at 192-93. Texas Rule of Civil Procedure 63 prohibits the filing of any pleadings, responses, or pleas within seven days of trial unless a party first obtains leave of court. *See* TEX. R. CIV. P. 63. A trial court must grant leave unless the opposing party shows surprise. *See id.*; *Goswami v. Metro. & Sav. Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988). For purposes of rule 63, a summary judgment proceeding is a trial. *Goswami*, 751 S.W.2d at 490.

The record here does not reflect the trial court granted appellants leave to file the counterclaim. Rather, the record reflects the trial court explicitly granted appellee's request to disregard it. As of the signing of the May 1st order then, the only claims before the court were appellee's claims against appellants, and the order disposed of those claims. Having disposed of all pending claims, the order was final, and the appellate deadlines began to run from the date the order was signed.[1] *See* TEX. R. APP. P. 26.1; *Watson v. Tipton*, 274 S.W.3d 791, 796-97 (Tex. App.—Fort Worth 2008, pet. denied). Because appellants' notice of appeal was not filed until August 30th, it is untimely, and we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Ada Brown/
_____
ADA BROWN
JUSTICE

181021F.P05

---

[1] Because the May 1st order was final, the trial court retained plenary power over the case until May 31st absent a timely filed motion for new trial. *See* TEX. R. CIV. P. 329b(d). The June 4th order striking the amended answer and counterclaim, signed outside the court's plenary power, is therefore void. *See Kenseth v. Dallas Cty.*, 126 S.W.3d 584, 599 (Tex. App.—Dallas 2004, pet. denied).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOUSAND HILLS CATTLE
COMPANY, LLC AND KAREN
FAIRCLOTH, Appellants

No. 05-18-01021-CV    V.

TERRY JEAN ARNOLD, Appellee

On Appeal from the 354th Judicial District
Court, Hunt County, Texas
Trial Court Cause No. 85130.
Opinion delivered by Justice Brown, Chief
Justice Wright and Justice Francis
participating.

 

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** appellee Terry Jean Arnold recover her costs, if any, of this appeal from appellants Thousand Hills Cattle Company, LLC and Karen Faircloth.

Judgment entered this 31st day of December, 2018.