Opinion filed April 25, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00294-CV
_____

**DEBRA CARTER, Appellant**

**V.**

**AGAMERICA LENDING, LLC; AGAMERICA AV1, LLC; RICHARD H. HESTER; KELLY GODDARD; DAVID GARVIN; MICHELLE SCHWARTZ; AND FOLEY & LARDNER LLP, Appellees**

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CV16321**

**M E M O R A N D U M   O P I N I O N**

Appellant, Debra Carter, is the manager of Brazos Valley, LLC, a Nevada limited liability company. In the underlying suit that forms the basis of this appeal, Carter complains that Appellee, AgAmerica AV1, LLC (AgAmerica), wrongfully foreclosed on Brazos Valley after Brazos Valley defaulted on a loan. The trial court

granted summary judgment in favor of AgAmerica and the remaining defendants-Appellees, and Carter has appealed that ruling.

On appeal, Carter contends, among other things, that she is an assignee of Brazos Valley's claims and that she has an equitable interest in the subject property. However, the limited record before us contains no evidence to support these claims, raising a question as to whether Carter has standing to assert the claims at issue. Accordingly, we remand this cause to the trial court for an evidentiary hearing to address the question of Carter's standing.

## I. *Factual Background*

In July 2020, Brazos Valley entered into a loan agreement with AgAmerica for the purchase of a ranch property in Comanche County. Pursuant to the terms of the loan agreement, Carter executed a promissory note in the amount of $3,560,000 on behalf of Brazos Valley.

Brazos Valley later defaulted on the loan, and AgAmerica served written notice on Brazos Valley and accelerated the note in accordance with the terms of the loan agreement. On June 8, 2021, AgAmerica served Brazos Valley with an additional default notice which provided a twenty-day window for Brazos Valley to cure the default. AgAmerica asserts that Brazos Valley did not cure the default prior to the expiration of the twenty-day window.

After the required notice was issued, Richard Hester, the substitute trustee, held a foreclosure sale on August 3, 2021. According to the substitute trustee's deed and bill of sale, which is filed and recorded in Comanche County, AgAmerica, as the highest bidder at the foreclosure sale, purchased the subject property.

Because Carter refused to vacate the property, AgAmerica initiated an eviction proceeding in Comanche County justice court. The justice court rendered an eviction judgment against her, and Carter appealed the eviction proceeding to the

county court, where it was tried de novo before a jury. During the trial, Carter alleged that the public sale of the property never occurred, and that AgAmerica therefore did not have any right to possession. Nonetheless, the jury rendered a verdict against Carter, and the county court entered a judgment finding that AgAmerica was entitled to possession.[1]

In the meantime, while the eviction case was pending, Carter filed a wrongful foreclosure action, that is the subject of this appeal, in the 220th District Court of Comanche County. In her wrongful foreclosure action, Carter sought preliminary and permanent injunctive relief to prevent and restrain AgAmerica from proceeding with the eviction. Additionally, Carter asserted claims for "quiet title," breach of contract, conspiracy to defraud, breach of the covenant of good faith and fair dealing, bad faith breach of contract, "wrongful foreclosure," violation of the Texas Deceptive Trade Practice – Consumer Protection Act (DTPA), negligence, recovery for "false recorded documents and notary fraud," and declaratory relief. Each cause of action was premised on allegations that AgAmerica had not properly foreclosed on the property, and that it had committed other torts, breaches of contract, and statutory violations during the course of the foreclosure proceedings. Specifically, and among other things, Carter alleged that AgAmerica falsely claimed that a foreclosure sale had taken place, and that AgAmerica did not have title to the property by virtue of the foreclosure sale. Carter also asserted claims against several other defendants who she alleged had participated in various fraudulent and other wrongful actions that were associated with the foreclosure.

---

[1]Carter appealed the county court's eviction judgment to this court, and we have today affirmed that judgment in a separate appeal. *See Carter v. AgAmerica AV1, LLC*, No. 11-22-00127-CV (Tex. App.—Eastland April 25, 2024, no pet. h.) (mem. op.).

## II. *Standing*

In its briefing, Appellees contend that Carter lacks standing to bring the claims that are the subject of the underlying action. Appellees' motion for summary judgment did not assert that Carter lacked standing to bring suit. Likewise, it does not appear that AgAmerica filed a plea to the jurisdiction in the trial court. However, the issue of standing may be raised at any time, including on appeal. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

Standing is an essential jurisdictional issue. *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 912 (Tex. 2023); *see also Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020) (standing is a necessary prerequisite to advancing a lawsuit). A plaintiff has standing when the plaintiff is personally aggrieved by the alleged wrong. *Baxsto, LLC v. Roxo Energy Co., LLC*, 668 S.W.3d 912, 943 (Tex. App.—Eastland 2023, pet. filed); *see also McLane Champions*, 671 S.W.3d at 912–13 ("To show constitutional standing, a plaintiff must demonstrate that: (1) it suffered a concrete and particularized injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable decision is likely to redress the injury."); *Pike*, 610 S.W.3d at 775 (quoting *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001) ("A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority.")).

Parties who are merely owners of a business entity do not have standing to assert individual claims for damages that are sustained by or to the business itself. *See Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250 (Tex. App.—Dallas 2005, no pet.) ("An individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity."); *Fredericksburg Indus., Inc. v.*

*Franklin Intern., Inc.*, 911 S.W.2d 518, 520 (Tex. App.—San Antonio 1995, writ denied) ("[A] corporate shareholder may not recover damages individually for a wrong done solely to the corporation."); *see also Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1181 (5th Cir. 1985) (construing Texas law) (a partner did not have an individual cause of action for damages allegedly caused to partnership). Likewise, "[a]s a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988). However, a third party with a legal or equitable property interest may challenge the foreclosure sale if its interest will be affected. *Id.* at 489. "A person owns an 'equitable interest' in property by virtue of an equitable title or claim on equitable grounds, such as the interest held by a trust beneficiary." *S. Cent. Jurisdictional Conf. of United Methodist Church v. S. Methodist Univ.*, 674 S.W.3d 334, 370 (Tex. App.—Dallas 2023, pet. filed).

In considering the issue of standing, we begin by looking to Carter's pleadings for "facts that affirmatively demonstrate the [trial] court's jurisdiction to hear the cause." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

In her pleadings, Carter asserts that Brazos Valley has assigned to her "all right title and the right to pursue all claims against the named defendants." However, she does not describe the alleged assignment in any detail. Further, she does not attach a copy of the alleged assignment to her pleadings, nor can we otherwise locate it in the record. Carter also claims that she has "equity" in the property that is "more than one million dollars," and that she is the "equitable owner" of the property. However, she provides no details as to how she acquired such an interest, nor does she attach any documents to her pleadings that show the nature of her interest. Finally, Carter claims that she is a "beneficial interest owner" in the property.

5

Nevertheless, Carter's role as a manager and owner of Brazos Valley is not sufficient to create such an interest, and Carter does not otherwise describe how she became a beneficial interest owner. *See, e.g.*, *Nauslar*, 170 S.W.3d at 250.

In short, while Carter claims to possess various interests in the property, the limited facts that are available to us suggest that Carter may not, in fact, hold the interests that she claims. Under these circumstances, a thorough examination of the facts that would support the trial court's jurisdiction to hear and consider this case is necessary before we may proceed. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("[B]ecause a court must not act without determining that it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before proceeding with the case."); *see also Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

Our capacity to undertake an inquiry into the jurisdictional facts is limited, because our review of the case is necessarily restricted to the pleadings and the record that is before us. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 445. For that reason, we conclude that this cause should be remanded so that the trial court may consider more fully whether the claims asserted by Carter as it relates to her standing are supported by the facts. On remand, the trial court should issue proper notice and conduct a hearing on the issue of whether Carter has standing to assert the claims that are the subject of this suit. The trial court should also provide AgAmerica and the remaining defendants-Appellees with an opportunity to file a plea to the jurisdiction that is consistent with the claims they have advanced in this appeal. Furthermore, in conducting the hearing on this issue, the trial court should be mindful that the question of standing must be resolved on a claim-by-claim basis. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 153 (Tex. 2012).

### III. *This Court's Ruling*

Because we have concluded that the record in this cause should be further developed on the issue of Carter's standing, and without affirming or reversing the trial court's grant of summary judgment in favor of Appellees, we remand this cause to the trial court for further proceedings consistent with this opinion.

W. STACY TROTTER

JUSTICE

April 25, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.