Opinion issued October 14, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00923-CV

————————————

Mark Richards, William Hetherington, Sean McAuley, Michael Narin,
Boris Stojanovic, and Ian Ward, Appellants

V.

Transocean,
INC., Appellee



 



 

On Appeal from the 10th District Court

Galveston County, Texas



Trial Court Case No. 05-CV-0982

 



 

OPINION ON REHEARING

Appellee Transocean, Inc. has moved for
rehearing.  We grant rehearing, withdraw
our opinion and judgment of July 22, 2010, and issue the following in their
stead.  Our disposition of the case
remains unchanged.

This appeal arises out of allegations of negligence in allowing piracy
and hostage taking at sea.  Our task is
to construe the specific ground upon which Transocean moved for a no‑evidence
summary judgment.  The district court
granted the motion, and the plaintiffs bring three issues on appeal.  Because
Transocean’s motion for summary judgment failed to address a theory of liability
contained within the plaintiffs’ live pleadings, we reverse and remand for
further proceedings.[1]

Background

Appellants Mark
Richards, William Hetherington, Sean McAuley, Michael Narin, Boris Stojanovic,
and Ian Ward sued Transocean for negligence. 
Appellants claim they were employed by Transocean and its affiliated and
subsidiary companies as maritime workers on two offshore drilling rigs located
in Nigerian waters.  They also claim that
the two rigs were owned by Transocean and its affiliated and subsidiary
companies.

Appellants allege they were taken hostage onboard the rigs for
two weeks by local “brigands and pirates.” 
During this time, they claim they endured “repeated threats of cruel
death, torture, and dismemberment.”  They
sued Transocean for negligence, arguing that Transocean breached its duty to
provide a safe workplace.  In the
alternative, appellants also pleaded a claim for conspiracy.

Transocean filed a document captioned “No Evidence Motion for Summary
Judgment.”  In the second paragraph of
that motion, Transocean affirmatively stated that (1) the two drilling rigs,
Trident 6 and Trident 8, were owned and operated by other companies at the time
of the hostage incident and (2) Transocean “was neither the owner nor the
operator” of either rig.  Attached to Transocean’s
no‑evidence summary‑judgment motion was the affidavit of its associate
general counsel and corporate secretary. 
The affidavit states:

Transocean, Inc. was neither the owner nor the
operator of the TRIDENT 6 or the TRIDENT 8 in April 2003, while those rigs were
operating off the coast of Nigeria.  At
that time, those rigs were operating pursuant to an Agreement between the Shell
Petroleum Development Company of Nigeria, Ltd. and Sedco Forex International,
Inc.  Transocean was not the employer of
any personnel working on the rigs.

 

          Appellants subsequently filed their
third amended petition, which added the following claim:

Plaintiff [sic] sues TransOcean, Inc., under a joint enterprise liability
theory.  Plaintiffs allege the defendant
is a joint enterprise liable vicariously for the negligence of its relevant
subsidiaries including Transocean International Drilling, Ltd.; Sedco Forex
International Resources, Ltd.; Sedco Forex International, Inc.; Shell; Triton
Industries, Inc.; Triton Holding, Ltd.; and for the Transoceanic subsidiaries
who employed the Plaintiffs at the time of the hijacking . . . .

 

At the same
time, appellants filed their response to the motion for summary judgment.  The response included nine exhibits of
summary‑judgment evidence and argued that Transocean was liable under a
joint enterprise liability theory.

Appellants’ summary‑judgment evidence included the deposition of an
assistant secretary for Transocean.  Among
other things, the deponent stated in a general reference to Transocean’s
subsidiaries that “Transocean, Inc. owns all of these companies, whether
directly or indirectly, a hundred percent.”

The district court conducted a hearing, and the
reporter’s record is captioned “Hearing on Defendant’s No‑Evidence Motion
for Summary Judgment.”[2]  The district court granted the motion and signed
a final take‑nothing summary judgment.

Analysis

          Appellants bring three
issues, first challenging the rendition of a no‑evidence summary judgment.  In the alternative, if the judgment is construed
as being based on a traditional summary‑judgment ground, appellants challenge
the rendition of a traditional summary judgment because (1) the supporting
affidavit was not competent evidence and (2) Transocean did not carry its
burden under the traditional standard.  We
review the district court’s summary judgment de novo.  See
Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).

I.                 
No‑evidence motion

When reviewing a no-evidence summary judgment, we
“review the evidence presented by the motion and response in the light most
favorable to the party against whom the summary judgment was rendered,
crediting evidence favorable to that party if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.”  Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 582 (Tex. 2006) (citing City of Keller v. Wilson, 168 S.W.3d 802,
827 (Tex. 2005); Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193,
208 (Tex. 2002)).

          We first determine the specific ground
upon which Transocean moved for summary judgment, as it is well settled that a
trial court cannot grant a summary‑judgment motion on grounds not
presented in the motion.  See Timpte Indus., Inc. v. Gish, 286
S.W.3d 306, 310 (Tex. 2009) (citing Johnson,
73 S.W.3d at 204; Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d
910, 912 (Tex. 1997)).  The Texas Supreme Court has held that a no‑evidence
motion for summary judgment must give fair notice to the nonmovant of the
grounds for the summary judgment.  See Timpte,
286 S.W.3d at 310–11 (quoting Tex. R.
Civ. P. 166a(i)).  This means
that a no‑evidence motion must be specific in challenging the evidentiary
support for an element of a claim or defense. 
Id. at 310 (quoting Tex. R. Civ. P. 166a(i) cmt.—1997).

Transocean’s motion for summary judgment states in relevant part as
follows:

Plaintiffs have simply provided no evidence
whatsoever that (1) Transocean, Inc. owed Plaintifs a legal duty; (2) Transocean,
Inc. breached that duty; or (3) Transocean, Inc.’s breach of that duty
proximately caused Plaintiffs’ damages. . . . 

 

The facts established by the affidavit . . . clearly
show that Transocean, Inc. was neither the owner nor the operator of . . .
TRIDENT 6 or . . . TRIDENT 8.  See Exhibit A.  As such, no legal duty was owed by Transocean,
Inc. to the Plaintiffs thereby making a finding of negligence unfeasible.  Transocean, Inc. was not responsible for
providing and overseeing security on . . . TRIDENT 6 or . . . TRIDENT 8, or for
ensuring a safe place to work for the Plaintiffs.  Transocean, Inc. did not have a means of
preventing the alleged incidents from occurring and furthermore, did not have a
legal duty to do so.  Therefore, Transocean,
Inc.’s Motion for Summary Judgment should be granted on all issues raised by
the Plaintiffs.

 

This constitutes the only specific legal argument Transocean made in its motion for the district court
to render a summary judgment, and it is based on a no‑evidence ground.[3]  Transocean thus specifically moved
for summary judgment on the ground that appellants had no evidence of their negligence claim
because Transocean Inc. neither owned nor operated the rigs and, “as such,” i.e.,
for that reason, owed no duty to appellants.

Transocean’s ground for summary judgment thus was
tailored to negate its responsibility based on its own direct duties, and it did
not address appellants’ joint enterprise liability theory raised in their live
pleadings at the time of the summary‑judgment hearing.  On rehearing Transocean contends that
appellants never complained that the motion for summary judgment failed to
address the joint enterprise liability theory, but a review of the record
demonstrates the opposite to be true.  Appellants
made this specific argument in their response to the motion for summary
judgment, which contained a section that argued Transocean could be held liable
on a joint enterprise theory.  In that
section of the response, appellants noted the existence of numerous affiliates
and subsidiaries subject to the domination and control of Transocean.  They argued that Transocean’s motion for
summary judgment failed to “address the question of the existence of this
enterprise or venture, and therefore does not show it cannot be liable under
these theories as a matter of law.”  In
addition, at the hearing on Transocean’s motion, appellants argued as follows:

We have a very interesting corporation here that is the largest drilling
company in the world but yet has no employees, so it says.  Its officers and directors for the most part
— but not exclusively — live in Houston and they all purport to be employees of
various and sundry subsidiaries.  But, in
fact, their day-to-day activity in Houston they are running the business of
Transocean, Inc., and all the rest of its affiliates.  So we’ve argued and pled that this is a joint
entity here in the nature of a joint venture for which the parent company,
Transocean, Inc., is ultimately responsible — not necessarily as the owner of
these vessels but as the party responsible for providing measures for the
safety of the workers onboard the vessels. 
And that is the essence of our position and this is a matter for which,
I think, the defendant has failed to show that we’re lacking evidence.  . . .

 

Transocean’s motion for no-evidence summary judgment
is fairly read to specifically contend there was no evidence to establish that
Transocean Inc. had a legal duty to the appellants arising from Transocean
Inc.’s ownership or operation of a drilling rig; it cannot be fairly read to
contend there was no evidence to establish that Transocean Inc. had a vicarious
liability for the liability of another entity based upon a joint enterprise
theory.  Because Transocean did not amend
its motion to include a ground addressing appellants’ joint enterprise liability
theory, we hold the district court erred in rendering the take‑nothing
summary judgment.[4]  We sustain appellants’ first issue concerning
the no­‑evidence summary judgment.

II.              
Traditional motion

On appeal, Transocean argues that it moved for, and the district court
granted, a traditional motion for summary judgment.[5]  Giving Transocean the benefit of the doubt,
and assuming without deciding that the affidavit was competent summary‑judgment
evidence, Transocean’s traditional motion for summary judgment suffers from the
same problem as the no‑evidence motion. 
The ground for summary judgment did not address appellants’ joint enterprise
liability theory raised in their live pleadings at the time of the summary‑judgment
hearing.  Because the affidavit does not
conclusively negate Transocean’s vicarious liability based on a joint enterprise
liability theory, the district court could not render a traditional summary
judgment.  See Johnson, 73 S.W.3d at
204; Tex. R. Civ. P. 166a(c)
(“The motion for summary judgment shall state the specific grounds therefor.”).

          We sustain appellants’ third issue
concerning the traditional summary judgment. 
In light of this disposition, we do not reach the second issue, which
addresses whether the affidavit was competent summary‑judgment evidence.

Conclusion

          We
reverse the district court’s judgment and remand the case to that court for
further proceedings. 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.











[1]
              Apart
from quoted material, which depending on context could have some other meaning,
all references to “Transocean” in this opinion refer to Transocean, Inc.





[2]        Because
appellants’ third amended petition was filed more than seven days before the
summary‑­judgment hearing, appellants were not required to seek leave
from the district court to file the amended petition.  See
Tex. R. Civ. P. 63; Cont’l Airlines, Inc. v. Kieffer, 920
S.W.2d 274, 276 (Tex. 1996) (citing Goswami
v. Metro. Sav. & Loan Ass’n, 751 S.W.2d 487, 490 (Tex. 1988)).

 





[3]              The fact that Transocean attached evidence to its
motion does not preclude it from being treated as a no‑evidence
motion.  Nothing in Rule 166a(i)
expressly prohibits a no‑evidence movant from attaching evidence to the
motion.

 





[4]             Transocean argues on appeal that the Texas Supreme
Court has rejected the joint enterprise liability theory,
citing SSP Partners & Metro Novelties,
Inc. v. Gladstrong Investments (USA) Corp., 275 S.W.3d 444 (Tex.
2008).  While we recognize that the Texas
Supreme Court delivered its opinion in SSP
Partners after the district court rendered judgment, Transocean does not explain how the district court
could properly have granted the motion on a principle of law that Transocean did
not raise in a ground for summary judgment. 
We also note that SSP Partners addresses the single business
enterprise liability theory, not the joint enterprise liability theory. 
Id. at 451 (noting distinction
between single business enterprise and joint enterprise liability theories).

 





[5]             The standard of review for a traditional summary judgment is well
established: (1) the movant for summary judgment has the burden of showing that
no genuine issue of material fact exists and that it is therefore entitled to
summary judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to
the nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in the nonmovant’s favor.  See,
e.g., Nixon v. Mr. Property Mgmt. Co.,
690 S.W.2d 546, 548–49 (Tex. 1985).