Donald MANSFIELD, Individually and
d/b/a Boston's Bar Supply & Equipment Company, Appellant,

v.

OHIO CASUALTY INSURANCE
COMPANY, Appellee.

No. 14–99–00826–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 22, 2000.

Rehearing Overruled March 29, 2001.

Wesley S. Coddou, Houston, for appellant.

Owen Hammack Ellington, Mary C. Thompson, Houston, for appellee.

Panel consists of Chief Justice MURPHY and Justices MAURICE E. AMIDEI, and HUDSON.

## OPINION

MAURICE E. AMIDEI, Justice.

This is an appeal from the grant of a no-evidence summary judgment for Appellee Ohio Casualty Insurance Company ("OCIC"). Presenting four issues for review, Appellant Donald Mansfield challenges the judgment of the trial court. We reverse.

### Facts and Procedural Background

Prior to the instant suit, Mansfield operated a full-service bar and tavern supply company providing soft drinks from a number of manufacturers including Coca Cola, Inc. ("Coke"). Around 1994, Coke, alleging that Mansfield wrongfully acted as an authorized distributor of its products, filed suit in federal court seeking damages and an order enjoining Mansfield from purchasing its products for resale to the bar and tavern industry. Mansfield subsequently notified OCIC of the suit. After issuing a reservation of rights, OCIC hired the law firm of Fish & Richardson ("F & R") to conduct Mansfield's defense. In addition to acting as Mansfield's defense counsel, F & R, on May 1, 1995, filed third party complaints against Mansfield's suppliers of Coke products. The essence of these complaints was that Mansfield's suppliers—Sysco Food Services, Inc., White Swan, Inc. and Tony's Bar Supply Co.—conspired with Coke to restrict competition from Mansfield.

Shortly after filing suit, Coke amended its complaint and dropped its monetary

claim for damages. This action then prompted OCIC to withdraw its defense of Mansfield under the terms of the policy so that F & R withdrew as counsel. One month after this withdrawal, the presiding federal court judge entered an order sanctioning F & R for bringing the third party claims, finding that such claims had no basis in fact or law. The federal court later entered a judgment granting the injunctive relief sought by Coke. Mansfield then filed this suit against F & R and OCIC, alleging that their decision to pursue his trade creditors via the frivolous third party complaints resulted in his creditors' decisions to terminate the trade discounts he previously enjoyed with them. After Mansfield settled his case with F & R, OCIC moved for summary judgment which the trial court granted. Mansfield now appeals the trial court's decision.

### First Point of Error

■ In his first issue, Mansfield argues that the trial court erred in granting summary judgment because Appellee filed additional proof within the twenty-one day submission date required by Rule of Civil Procedure 166a. In pertinent part, this Rule provides that "[e]xcept on leave of the court, with notice to opposing counsel, the [summary judgment] motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." TEX.R.CIV.P. 166 a(d). Where a movant files summary judgment proof outside the twenty-one day period and without leave of the court, such proof is not properly before the trial court on the motion for summary judgment. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996).

In the case at bar, OCIC filed two motions for summary judgment on August 26, 1998. One sought judgment on grounds that Mansfield's claims failed to raise any issue of material fact. The other moved for judgment on grounds that Mansfield could not demonstrate evidence sufficient to support its claim against OCIC—a "no evidence" summary judgment. On the same day, OCIC filed a notice with the trial court wherein it notified Mansfield that both motions for summary judgment were set for submission on September 21, 1998. Mansfield then timely filed a response to both OCIC's motion for summary judgment as well as its motion for no evidence summary judgment. OCIC followed by filing a September 18, 1998 reply to Mansfield's response which only addressed its motion for "regular" summary judgment. The trial court then granted OCIC's no evidence summary judgment on November 2, 1998.

We agree with Mansfield's assertion that OCIC's September 18 response was not timely as OCIC filed it only three days prior to the September 21 hearing date. Nevertheless, this response only addressed Mansfield's reply to OCIC's regular motion for summary judgment, while the record clearly shows that the trial court granted OCIC's no evidence summary judgment. Accordingly, the trial court's grant of the no evidence summary judgment did not violate the 21–day rule stated in Texas Rule of Civil Procedure 166a(d). Therefore, we overrule Mansfield's first issue.

### Second Point of Error

Mansfield next argues that the trial court erred in its grant of the no evidence summary judgment because OCIC's motions only addressed his negligence and vicarious liability claim while failing to address his subsequently pleaded causes properly before the court.

■ Rule of Civil Procedure 63 provides that amended or supplemental pleadings may be filed within seven days of trial

only with leave of court. Tex.R.Civ.P. 63. Rule 63 likewise applies to pleadings filed within seven days of a summary judgment hearing. *See Sosa v.. Central Power & Light*, 909 S.W.2d 893, 895 (Tex.1995) (per curiam). In determining whether a trial court granted leave to file pleadings beyond the proscribed deadline, Texas courts follow the two part test laid out in *Goswami v. Metropolitan Sav. and Loan. See* 751 S.W.2d 487, 490 (Tex.1988); *Wilson v. Korthauer*, 21 S.W.3d 573, 577–578 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Under the holding in *Goswami*, we must presume the trial court granted leave to file a late pleading even though the filer failed to request leave when: (1) the record fails to show that the trial court did not consider the amended pleading, and (2) there is not a sufficient showing of surprise or prejudice on the part of the opposing party. *See Korthauer, 21 S.W.3d at* 578. Finally, pursuant to Rule 65 and subject to certain exceptions not relevant here, a substituted instrument such as an amended pleading takes the place of its predecessor(s) such that "the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause...." Tex.R.Civ.P. 65.

In determining if the first prong of the *Goswami* presumption is satisfied, the reviewing court is to consider whether the amended petition was part of the record before the trial court and whether the judgment states that the trial court considered all the pleadings on file. *See Goswami*, 751 S.W.2d at 490; *Korthauer*, 21 S.W.3d at 578. If both of these questions are answered in the affirmative, the first prong of the test is met. *See Korthauer,*

21 S.W.3d at 578. Here, Mansfield's original petition, filed June 13, 1997, alleged that OCIC and F & R acted negligently in the handling of his defense of the Coke suit by pursuing claims that had no basis in fact or law. As stated previously, OCIC filed its two motions for summary judgment on August 26, 1998 as well as its notice of submission of the motions set for September 21, 1998. In his second amended petition, filed September 17, 1998, Mansfield dropped his negligent handling and vicarious liability claim but raised claims for breach of the covenant of good faith and fair dealing ("bad faith") and breach of contract.[1] On October 30, 1998, Mansfield then filed his third amended petition, re-urging his bad faith and breach of contract claims and adding claims under the DTPA and Article 21.21 of the Insurance Code. The trial court subsequently granted OCIC's no evidence summary judgment on November 2 1998, ordering that "Plaintiffs take nothing by way of their claims against [OCIC]...."

In applying these rules to the present case, we first note that Mansfield's third amended petition was filed in the trial court and is part of the record; additionally, the final judgment states that the trial court considered "the pleadings, the motion, the response, affidavits and other evidence on file...." Therefore, because the record does not show that the trial court failed to consider the amended petition, we find that the first prong of the test for application of the *Goswami* presumption is satisfied. In reaching this conclusion we further find that, based on Rule 65, Mansfield's only claims before the court were those spelled out in his third amended petition, viz: bad faith, breach of contract,

---

1. While Appellant included a file marked copy of his second amended original petition with his brief as an attachment, the clerk's record contains no such filing. Because of this, Appellee argues that Mansfield has failed to bring forth an adequate record for our review. As discussed below, this point is moot.

and violations of the DTPA and Article 21.21. Accordingly, the first prong of the *Goswami* presumption is satisfied.

■ The second prong of the test focuses on the surprise or prejudice to the party opposing the filing of the amended pleading, including whether that party moved to strike the late-filed pleading. *See Goswami*, 751 S.W.2d 487, 490–91; *Korthauer*, 21 S.W.3d at 578. Where the record does not contain a motion to strike a late-filed pleading, a court presumes no prejudice resulted from such pleading. *See Goswami, 751 S.W.2d at 490–91*. Because the record in our case does not contain a motion to strike, we presume OCIC suffered no prejudice by Mansfield's late filing. Accordingly, we must presume that Mansfield's third amended petition was properly before the trial court; therefore, we treat it as the live pleading in the case.[2]

We now turn to consider whether Mansfield's third amended petition raised claims not addressed by OCIC's motion for summary judgment. Generally, summary judgment cannot be granted on a claim not addressed in the summary judgment proceeding. *See* TEX.R.CIV.P. 166a(c); *Chessher v. Southwestern Bell Telephone*, 658 S.W.2d 563, 564 (Tex.1983). However, summary judgment may be granted on later pled causes of action if the grounds asserted in the motion show that the plaintiff could not recover from the defendant on the later pled cause of action. *See Lampasas v. Spring Center, Inc.*, 988 S.W.2d 428, 436–37 (Tex.App.—Houston [14th Dist.] 1999, no pet.). This "exception" arises where the amended petition merely reiterates the same essential elements in another fashion, and where the motion for summary judgment adequately covers these new variations. *See id.* (holding that the new variations in plaintiffs amended petition sounded in negligence and were composed of the same essential elements previously challenged in defendant's motion). Therefore, if the grounds asserted in OCIC's motion for no evidence summary judgment show that Mansfield could not recover on the later pleaded claims in any event, it is not necessary to remand for further proceedings; rather, we may simply affirm the judgment.

■ In the present case, OCIC sought entry of a no evidence summary judgment on Mansfield's initial claim that OCIC was vicariously negligent in appointing F & R as Mansfield's trial counsel. In support of its motion, OCIC cited the four elements of a legal malpractice cause of action— duty, breach of duty, proximate causation, and damages—and argued that Mansfield failed to provide any evidence supporting the latter three. However, as already noted, Mansfield's claims of bad faith, breach of contract, and violations of the DTPA and Article 21.21 of the Insurance Code were the only claims properly before the trial court. Because OCIC failed to address these claims in its motion, the trial court's grant of summary judgment was improper. Neither can we apply the exception provided in *Lampasas* as we cannot characterize the claims in Mansfield's third amended petition as ones merely reiterating the same essential elements of his original negligence and vicarious liability causes of action. Appellant's second issue is sustained. Without reaching

2. Our presumption that the trial court granted leave for the filing of Mansfield's third amended petition draws further support from the record. On December 2, 1998, Mansfield filed a motion for rehearing of defendant's summary judgment. In this motion, Mansfield argued that OCIC's August 26, 1998 motion for summary judgment did not address the allegations contained in his third amended pleading and that summary judgment was therefore not proper. The court disagreed and denied Mansfield's motion for rehearing.

Mansfield's final two points of error, we reverse the judgment of the court below and remand for trial those issues pleaded in Appellant's third amended petition.