# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 24, 2013

## STATE OF TENNESSEE v. WILLIAM ANTHONY McDANIEL

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 237830      Rebecca J. Stern, Judge**

---

**No. E2013-00353-CCA-MR3-CD - Filed October 31, 2013**

---

The petitioner, William Anthony McDaniel, appeals the denial of his "Motion to Correct Judgment/Sentence or in the Alternative Motion to Withdraw Guilty Plea." The petitioner pled guilty in 2002 to three counts of rape of a child, Class A felonies, and was sentenced as a Range I offender to concurrent terms of twenty-five years for each offense to be served at 100%. On appeal, the petitioner contends that his sentence should be reduced to reflect service of the sentence at 30%, as a standard Range I offender, or in the alternative that his plea was not knowingly and voluntarily entered because the 100% service requirement for child rape was never explained to him. Following review of the record, we affirm the denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Bill Speek, Chattanooga, Tennessee, for the appellant, William Anthony McDaniel.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; William H. Cox, III, District Attorney General; and Yolanda Mitchell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History

In April 2001, the petitioner engaged in anal, oral, and vaginal intercourse with a female under the age of thirteen, the daughter of his live-in girlfriend. He was subsequently indicted for three counts of rape of a child as a Range III offender. In May 2002, the

petitioner pled guilty to the offenses as charged but was sentenced as a Range I offender to current sentences of twenty-five years. The judgements reflect that the term would be served at 100% because the petitioner was a child rapist.

On July 16 and September 12, 2002, the petitioner filed pro se Motions for Reduction of Sentence. The two motions were virtually identical in language, except one states it is pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. On September 27, 2002, the trial court entered an order overruling the Motion for Reduction of Sentence. No appeal was taken of that denial.

Next, on September 12, 2012, the petitioner filed the instant pro se "Motion to Correct Judgment/Sentence or in the Alternative Motion to Withdraw Guilty Plea." Thereafter, on September 17, 2012, the trial court entered an order overruling the motion, which the petitioner never received a copy of. He later filed a pro se motion for delayed appeal in the trial court alleging his failure to receive notice of the ruling, and the trial court granted the motion for delayed appeal on January 28, 2013. In an order noting that the trial court was without authority to grant that motion, this court, nonetheless, waived the untimely filing of the notice of appeal in the interests of justice.

**Analysis**

On appeal, the petitioner has raised two issues for review: (1) whether the trial court erred in denying his Motion for Reduction of Sentence; and (2) whether the trial court erred in denying his Motion to Withdraw Guilty Plea because it was not knowingly and voluntarily entered. The premise of both his issues is his contention that he was not informed at the time of the plea that the charge of rape of a child required that he serve the entire imposed sentence. The petitioner asserts that, had he been aware of that fact, his decision on whether to proceed to trial or accept the plea would have been affected. He seeks to have his sentence reduced to conform with his expectations at the time he entered into the plea agreement or to withdraw his guilty plea.

**I. Motion to Reduce Sentence**

The petitioner first asserts that this court should consider waiving timely notice of appeal with regard to his 2002 Motions to Reduce Sentence in the interests of justice. He asserts that the interests of justice mandate this as the petitioner was pro se at the time these motions were filed, the record shows denial of only one such motion, and it is unclear whether the petitioner received notice of the 2002 denial. The petitioner is correct that Tennessee Rule of Appellate Procedure 4(a) allows for the untimely filing of a notice of appeal to be waived in the interests of justice. "In determining whether waiver is

appropriate, this Court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 Tenn. Crim. App. LEXIS 1300, at *1 (Tenn. Crim. App., at Nashville, Dec. 27, 2005) (citing *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 Tenn. Crim. App. LEXIS 84, at *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996)).

In July and September 2002, the petitioner filed two virtually identical motions challenging his sentence. The grounds for and the relief sought were the same. On September 27, 2002, the trial court entered two orders overruling a Motion for Reduction of Sentence. There appears no requirement for the trial judge to file two orders when one could cover both motions. Nevertheless, the petitioner would have been on notice that the issue had been disposed of. Nor has the issue of a lack of notice to the petitioner of this denial ever been raised before. The petitioner offers no explanation as to why he waited ten years to file the motion which is currently before this court. When he failed to receive notice of the denial of the 2012 petition, he sought immediate action. With regard to the 2002 order, no appeal was ever sought, which would have been the proper course for appellate review of this issue. On these facts, we cannot conclude that the interests of justice mandate waiver of a untimely filing of a notice of appeal of the 2002 order.

In the alternative, the petitioner asks this court to interpret the "Motion to Correct Judgement/Sentence or in the Alternative Motion to Withdraw Guilty Plea" as a Motion for Reduction of Sentence and to decide the issue pursuant to Rule 35 of the Tennessee Rules of Criminal Procedure. He argues he is entitled to relief under Tennessee Rule Criminal Procedure 35 and that denial of the motion was an abuse of the trial court's discretion because he only learned that he was to serve 100% of his sentence only after the judgment became final.

Tennessee Rules of Criminal Procedure 35 provides that "the trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked." Tenn. R. Crim. P. 35(a). Upon such motion, "[t]he court may reduce a sentence only to one the court could have originally imposed." Tenn. R. App. P. 35(b). Additionally, the court may deny Rule 35 relief without conducting a hearing on the matter. Tenn. R. App. P. 35(c). Finally, relative to the 120-day filing requirement, "[n]o extensions shall be allowed on the time limitation. No other actions toll the running of this time limitation." Tenn. R. Crim. P. 35(a).

The right to appeal the trial court's denial of Rule 35 relief is promulgated in Rule 35 itself. Tenn. R. Crim. P. 35(d) ("The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond.

If the court modifies the sentence, the state may appeal as otherwise provided by law.") The standard of review in a Rule 35 appeal is whether the trial court abused its discretion when acting upon the motion. *State v. Irick*, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). "The intent of this rule is to allow modification only in circumstances where an alteration of the sentence may be proper in the interests of justice." Tenn. R. Crim. P. 35, Advisory Comm'n Cmts.; *see also State v. Hodges*, 815 S.W.2d 151, 154 (Tenn. 1991). As such, Rule 35 relief is generally inappropriate when the defendant has "failed to show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice." *State v. McDonald*, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1991); *see also State v. Ruiz*, 204 S.W.3d 772, 778 (Tenn. 2006).

As pointed out by the State, the petitioner has failed to satisfy the requirements of Rule 35 because the motion was filed well-outside the 120-day limitations period. The sentence in this case was imposed on May 1, 2002; the motion before this court was filed September 10, 2012, more than ten years after the limitations period for a Rule 35 motion. The petitioner contends, however, that the motion is timely because it essentially contains the same facts as those asserted in the two 2002 Motions for Reduction of Sentence, which were timely filed. That argument is not meritorious. Again, as noted above, the proper course was for the petitioner to appeal the denial of the 2002 motion in the proper time-frame. Relief is barred in this case based upon the petitioner's failure to do so. The petitioner is not entitled to a free-pass to challenge his sentence some ten years after the fact simply because he began the proper process years ago. No abuse of discretion occurred in overruling this motion.

## II. Motion to Withdraw Guilty Plea

Next, the petitioner contends that the court erred in finding that he not be allowed to withdraw his guilty pleas based upon the fact that he was not informed at the time of the plea that the charge of rape of a child required that he serve the entire sentence at 100%. He contends that the refusal to allow him to withdraw the pleas violated his due process rights. He relies upon the fact that the record is silent on the issue of whether the petitioner was informed of the mandatory service requirements for his sentence. However, we may not reach the merits of the petitioner's argument, as he has failed to pursue the proper avenue for relief and in a timely manner.

Generally, once a defendant has entered a guilty plea, he does not have a unilateral right to withdraw that plea. *State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005) (citations omitted). Whether a defendant should be permitted to withdraw a guilty plea is within the discretion of the trial court and may not be overturned on appeal absent an abuse of discretion. *State v. Melon,* 118 S.W.3d 340, 345 (Tenn. 2003). An abuse of discretion exists

if the record lacks substantial evidence to support the trial court's conclusion. *Goosby v. State*, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995).

Tennessee law provides that a trial court may set aside the acceptance of a guilty plea in three different circumstances. Rules 32(f) provides a pre-sentencing and a post-sentencing standard for evaluating motions to withdraw guilty pleas. The rule provides that:

> (1) Before Sentence Imposed. - Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.
> (2) After Sentence But Before Judgment Final. - After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

Tenn. R. Crim. P. 32(f)(1)-(2).

By simply reading this rule, the petitioner is precluded from relief pursuant to a Rule 32 motion to withdraw his guilty pleas. The specific language of the rule states that Rule 32 relief is applicable only prior to a judgment becoming final in the case. The judgments became final in the case thirty days after filing on May 1, 2002, as no appeals were filed. *See* Tenn. R. App. P. 4(a), (c). The instant motion was filed in 2012, clearly not within thirty days of that filing. Thus, the petitioner is precluded from relief because a trial court is without jurisdiction to hear and decide a motion to withdraw a guilty plea after judgment is final. *State v. Green*, 106 S.W.3d. 646, 648-49 (Tenn. 2003). His claim is not cognizable under Rule 32(f).

Once judgment has become final, the only avenue of relief available to a defendant to have a guilty plea set aside is a collateral proceeding under the Post-Conviction Procedure Act. *State v. Burris*, 40 S.W.3d 530 (Tenn. Crim. App. 2000). To do so entails a claim that the guilty plea was not entered voluntarily, intelligently, and knowingly or was obtained through the abridgment of some other constitutional right, such as the right to the effective assistance of counsel. However, in the petitioner's case, the one-year post-conviction statute of limitations forecloses this avenue for seeking relief. T.C.A. § 40-30-102 (2010).

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE