# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00278-CV

**Gerald McMillan, Appellant**

**v.**

**Kary Aycock, Jerad Kolarik, and Little City Investments, Inc., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-17-006729, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Gerald McMillan appeals from the trial court's order granting a plea to the jurisdiction filed by Kary Aycock, Jerad Kolarik, and Little City Investments, Inc. (collectively, "Little City") and dismissing his suit with prejudice. We will modify the judgment and, as modified, affirm it.

## BACKGROUND

In October 2014, Little City loaned money to SOCO Real Estate, LLC, (SOCO) to purchase real property located at 808 Avondale Road in Austin (the Property).[1] McMillan, on behalf of SOCO, executed a promissory note in the original principal amount of $960,000. The note was secured by a deed of trust. Approximately one year later SOCO defaulted, and Little City declared the note due on November 1, 2015. Rather than proceed with foreclosure, Little City and SOCO

---

[1] According to McMillan, he and his wife, Berit McMillan, are the members of SOCO.

entered into a Reinstatement Agreement, extending the maturity date of the note and providing for new payment terms. The parties agreed that the Reinstatement Agreement did not "in any way prejudice [Little City's] rights regarding future defaults specified in the note and deed of trust."

The note matured on the extended date of December 31, 2016. Little City declared SOCO in default for nonpayment. In February 2017, McMillan filed suit in Travis County district court seeking a restraining order preventing foreclosure.[2] The trial court granted a temporary ex parte restraining order preventing the sale, after which McMillan voluntarily dismissed the suit. In March 2017, McMillan filed another suit in Travis County district court again seeking to restrain Little City from foreclosing on the Property.[3] McMillan alleged various causes of action including fraud, negligent misrepresentation, and breach of contract, and sought to restrain Little City from foreclosing on the Property. The trial court granted Little City's motion for summary judgment and dismissed the suit in November 2017. The trial court expressly found that McMillan failed to present evidence "sufficient to show that he has standing to assert any claims against any party in [the] litigation."

Meanwhile, SOCO had filed for Chapter 11 bankruptcy protection in April 2017.[4] In July 2017, the United States Bankruptcy Court for the Western District of Texas lifted the

---

[2] The named plaintiffs in this suit were McMillan, his wife Berit McMillan, and SOCO Real Estate, LLC.

[3] As in the previously filed suit, the named plaintiffs in this suit were McMillan, Berit McMillan, and SOCO Real Estate, LLC. The trial court granted Little City's motion to strike all claims brought by Berit McMillan and SOCO on the ground that McMillan, who is not a licensed attorney, could not bring claims on behalf of either SOCO or Berit McMillan.

[4] The case was converted to Chapter 7 in November 2017.

bankruptcy stay to allow Little City to foreclose on the Property. After the foreclosure, McMillan refused to vacate the Property, and Little City filed a forcible detainer action in a Travis County justice court. The Justice of the Peace rendered judgment granting Little City possession of the Property. This judgment was appealed to a Travis County county court at law, which awarded possession of the Property to Little City.[5]

The underlying proceeding was filed on December 13, 2017. McMillan sought to set aside the foreclosure and sale of the Property. Little City filed a plea to the jurisdiction asserting, among other things, that McMillan lacked standing to challenge the foreclosure because he was not the mortgagor on the deed of trust pursuant to which Little City foreclosed on the Property. The trial court granted the plea to the jurisdiction in March 2018, and McMillan perfected this appeal.

**DISCUSSION**

On appeal, Little City asserts that the trial court properly granted its plea to the jurisdiction because McMillan had no standing to bring the wrongful foreclosure suit. Little City also filed a motion to dismiss the appeal for lack of subject-matter jurisdiction. Standing is a component of subject-matter jurisdiction. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it."); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) ("[A] court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been

---

[5] McMillan appealed the county court judgment to the Texas Court of Appeals for the Fourteenth District of Texas, which dismissed the appeal on McMillan's motion in July 2018. *See McMillan v. Little City Invs., LLC*, No. 14-18-00286-CV, 2018 WL 3235428, at *1 (Tex. App.—Houston [14th Dist.] July 3, 2018, no pet.) (mem. op.); *see also* Tex. R. App. P. 42.1.

3

decided."). Standing must exist at the time a plaintiff files suit and must continue to exist between the parties at every stage of the legal proceedings, including the appeal; if the plaintiff lacks standing at the time suit is filed, the case must be dismissed, even if the plaintiff later acquires an interest sufficient to support standing. *Martin v. Clinical Pathology Labs., Inc.*, 343 S.W.3d 885, 888 (Tex. App.—Dallas 2011, pet. denied); *Bell v. Moores*, 832 S.W.2d 749, 754 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("A trial court determines its jurisdiction at the time a suit is filed. At that time, the court either has jurisdiction or it does not. Jurisdiction cannot subsequently be acquired while the suit is pending."); *see also Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 n.9 (Tex. 1993) ("Our concern is with a party's right to initiate a lawsuit and the trial court's corresponding power to hear the case ab initio. Standing is determined at the time suit is filed in the trial court . . . .").

Standing may be raised in a plea to the jurisdiction. *See Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001) ("Because standing is a component of subject matter jurisdiction, we consider [the plaintiff's] standing as we would a plea to the jurisdiction."). "A plea to the jurisdiction is a dilatory plea." *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Id.* A plea to the jurisdiction may challenge whether the plaintiff has alleged facts sufficient to affirmatively demonstrate jurisdiction or whether the jurisdictional facts alleged by the plaintiff actually exist. *See City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex. 2009).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue. *Miranda*, 133 S.W.3d at 227. The proper arbiter of the evidence and the

4

corresponding standards of appellate review depend on whether the existence of jurisdictional facts implicates the merits of the plaintiff's case. *University of Tex. v. Poindexter*, 306 S.W.3d 798, 806 (Tex. App.—Austin 2009, no pet.). Because the jurisdictional issue in the present case does not implicate the merits of McMillan's wrongful foreclosure claim, we will confine our discussion to the standards applicable in such cases. When the jurisdictional facts are undisputed, the trial court rules on the plea to the jurisdiction as a matter of law, and on appeal the trial court's ruling is reviewed de novo. *Id.* If the facts are disputed, the court, not a jury, will make necessary fact findings to resolve the jurisdictional issue. *Id.* On appeal, such findings—whether explicit or implicit—may be challenged for legal or factual sufficiency. *Id.* In the present case, the issue is whether McMillan had standing to bring a claim of wrongful foreclosure, and the evidence bearing on that issue is not disputed. Thus, whether McMillan has standing to bring this suit is a question of law that we review de novo.

The issue of who properly has standing to contest a foreclosure sale in Texas is well settled. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988). "As a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Id.* (citing *Estelle v. Hart*, 55 S.W.2d 510, 513 (Tex. Comm'n App. 1932, opinion adopted)); *Mercer v. Bludworth*, 715 S.W.2d 693, 698 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).[6] McMillan's petition

---

[6] An exception to the general rule is when a third party has a property interest, whether legal or equitable, that would be affected by such a sale. In that case, the third party has standing to challenge the sale to the extent that its rights would be affected by the sale. *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 586 (Tex. 1975); *Estelle v. Hart*, 55 S.W.2d 510, 513 (Tex. Comm'n App. 1932, opinion adopted).

5

does not allege that he is the mortgagor of the Property. Thus, his pleading does not affirmatively demonstrate jurisdiction. In its plea to the jurisdiction, Little City presented evidence that SOCO was the record title holder of the Property and the mortgagor, not McMillan. This evidence consisted of the affidavits of Kary Aycock and Jerad Kolarik, and a copy of the Reinstatement Agreement identifying SOCO as the owner of the Property, the maker of the note and the grantor of the deed of trust. This evidence was undisputed by McMillan and establishes that McMillan was not the mortgagor. Consequently, he did not have standing to challenge the foreclosure pursuant to the deed of trust. *See Goswami*, 751 S.W.2d at 489. Thus, the trial court lacked jurisdiction over this appeal and properly dismissed it.

On appeal, McMillan asserts that the trial court should have provided him with an opportunity to amend his pleadings rather than dismiss his case. *See Miranda*, 133 S.W.3d at 226. Amendment of pleadings is permitted if the plaintiff's pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction. *Id.* Here, however, the issue is not one of pleading sufficiency but, rather, that the undisputed evidence submitted by Little City demonstrates that, when this suit was filed, McMillan did not have standing to pursue a claim of wrongful foreclosure. *See Bell*, 832 S.W.2d at 754 ("A trial court determines its jurisdiction at the time a suit is filed."). Moreover, the additional jurisdictional facts that McMillan seeks to include in an amended pleading are that the trustee in SOCO's bankruptcy case has approved an agreement to sell to McMillan all causes of action against Little City that the bankrupt estate may have. Pleading additional facts that describe events occurring after suit was filed and, indeed, after the plea to the jurisdiction was granted, would not

6

operate to cure the jurisdictional defect. A trial court's jurisdiction is determined when a suit is filed; at that time the court either has jurisdiction or it does not. "Jurisdiction cannot subsequently be acquired while the suit is pending." *Id.*; *see also Texas Ass'n of Bus.*, 852 S.W.2d at 446 n.9 (standing is determined at time suit is filed in trial court). Remanding this cause to the trial court for amendment would serve no legitimate purpose. The trial court did not err in dismissing McMillan's case without affording him an opportunity to amend his petition. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007) (when amending pleadings would serve no legitimate purpose dismissal without affording opportunity to amend is proper).

Finally, McMillan asserts that the dismissal of his suit should have been without prejudice. We agree. A plea to the jurisdiction does not challenge the merits of a claim, but simply challenges the trial court's subject-matter jurisdiction without regard to the merits. Thus, dismissal with prejudice is improper if a plaintiff is capable of remedying the jurisdictional defect. *See Dahl v. State*, 92 S.W.3d 856, 862 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *cf. Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) (dismissal with prejudice is appropriate when trial court lacks subject matter jurisdiction because of sovereign immunity bar). While McMillan's alleged acquisition of rights to claims belonging to SOCO cannot cure the jurisdictional defect as it relates to the present case—i.e., that when this suit was filed, McMillan did not have standing to assert a claim for wrongful foreclosure of the Property—it might theoretically operate to confer standing on him to file suit in the future.[7] Thus, while the trial court properly dismissed McMillan's suit

---

[7] We express no opinion as to the effect of any sale or assignment of SOCO's rights to McMillan by the trustee in bankruptcy or otherwise. That matter is not before us. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (Texas courts have no

without permitting him an opportunity to amend his pleadings, the dismissal should have been without prejudice.

## CONCLUSION

For the reasons stated in this opinion, we modify the trial court's order to reflect that McMillan's claims against Little City are dismissed without prejudice. As modified, the trial court's order dismissing McMillan's claims is affirmed.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Modified and, as Modified, Affirmed

Filed:   April 3, 2019

jurisdiction to render advisory opinions).

8